**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1896

KODOR ASSOCIATES LIMITED PARTNERSHIP; EDWARD
J. KOPPEL; GRACE ANNE DORNEY KOPPEL,

Plaintiffs - Appellants,

versus

PETER D. ROSE, d/b/a Office of Peter Rose,

Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge.
(8:06-cv-01256-AW)

Submitted:  February 23, 2007         Decided:  March 20, 2007

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas D. Murphy, James A. Mood, Jr., MURPHY & MOOD, P.C.,
Rockville, Maryland, for Appellants.  John S. Vander Woude,
ECCLESTON & WOLF, P.C., Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kodor Associates Limited Partnership, a Maryland limited Partnership, Edward J. Koppel, and Grace Koppel (collectively the "Koppels") appeal the district court's dismissal of their action for breach of contract against Peter D. Rose ("Rose"), a Massachusetts architect, on the ground that the action was filed beyond the applicable Maryland three-year statute of limitations period. None of the facts of the case are in dispute. The subject contract provided that Rose design and draft complete and coordinated architectural drawings for a projected $4.2 million residence, identify a builder for the construction of the residence, deliver those drawings to the builder, and supervise construction through completion of the project, in exchange for a fee of $840,000. Construction commenced in the summer of 2002. Rose was paid in full prior to commencement of construction. At various times, beginning the date construction began until the termination of the agreement on March 6, 2003, construction was held up as a result of delays caused by Rose's failure to provide architectural plans to the builder. The Koppels were forced to expend additional funds, over the estimate, because Rose failed to deliver the drawings to the builder in a timely fashion and needed to revise several of the drawings that were delivered. In February 2003 construction was discontinued due to Rose's failure to produce drawings necessary for construction to continue.

On February 24, 2003, Grace Koppel sent Rose a letter demanding full performance of Rose's obligations under the agreement, stating that the Koppels had incurred damages solely as a result of the delays caused by Rose's failure to provide timely documents and plans to the builder, and requesting that he notify his insurance carrier of the Koppels' claims against him. On February 28, 2003, Grace Koppel sent Rose an email requesting assurance of full and complete performance under the contract by March 3, 2003, and requesting written confirmation that Rose would promptly notify his insurance carrier of the Koppels' claimed damages. On March 3, 2003, Grace Koppel sent Rose a letter requesting a meeting on March 6, 2003. In this letter, she stated that Rose was in material breach due to his failure to fulfill his obligations for months, and reiterated the request of assurance of performance under the contract, as well as verification that Rose had notified his insurance carrier of the Koppels' claims. On March 6, 2003, Grace Koppel sent Rose a letter terminating their agreement on the basis that Rose had been in material breach "for some time." The letter included a request for the delivery of all files and drawings pertaining to the Koppel residence so construction could continue with another architect. On March 20, 2003, Rose delivered the requested items.

The Koppels filed their complaint alleging breach of contract on March 17, 2006. Rose filed a motion to dismiss or, in

the alternative, for summary judgment, together with a memorandum in support, to which was attached a number of exhibits. The district court granted Rose's motion to dismiss on the ground that the claim was barred by the applicable Maryland statute of limitations.[1]

The sole issue on appeal is whether the district court erred in determining that the date for accrual of this action for breach of contract was the date of the Koppels' letter terminating Rose, rather than the later date when Rose delivered construction drawings that were substantially incomplete. Specifically, the Koppels challenge the district court's determination that they were on notice of their claims against Rose by March 6, 2003, at the latest, when they terminated their contract with him due to the delay damages they had incurred as a result of Rose's alleged failure to provide timely and complete construction drawings for the construction of the Koppels' residence, pursuant to the terms of the contract between them.

The statute of limitations in Maryland begins to run when a party has knowledge of facts sufficient to put an ordinarily

---

[1]Pursuant to Maryland law:

> A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced.

Md. Code Ann., Cts. & Jud. Proc. § 5-101 (2004).

prudent person on inquiry, prompting such reasonable person to inquire further. See Poffenberger v. Risser, 431 A.2d 677, 681 (Md. 1981). The parties do not dispute that the trial court was legally correct in applying Maryland's discovery rule[2] to the statute of limitations analysis, and determining that the statute of limitations began to run when the breach was readily discoverable, not at the moment when the extent of the damages was ascertainable.

The Koppels assert on appeal that their cause of action did not accrue until delivery of the drawings by Rose because "Rose could have provided substantially complete drawings on that day, vitiating any claim for breach of his agreement to provide them." They contend that prior to March 20, 2003, when Rose delivered the drawings, Rose's breach was not "reasonably ascertainable."

We find that the district court correctly held that the Koppels' action was barred by the statute of limitations. It is undisputed that the Koppels sustained monetary damages beginning in the summer of 2002, when construction commenced. It is undisputed that those damages were sustained by the failure of Rose to timely provide the agreed-upon drawings. It is also undisputed that Rose fulfilled some of the terms of the contract, such as assisting in the selection of a builder for the subject residence and producing

---

[2]See Poffenberger v. Risser, 431 A.2d at 681; Doe v. Archdiocese of Washington, 689 A.2d 634, 644 (Md. App. 1997).

partial drawings prior to March 6, 2003, the date of his termination, but that he failed to fully perform under the agreement. As the district court found, the extent of the damages sustained by the Koppels, which did not occur until after Rose delivered the incomplete drawings on March 20, 2003, was not the lynchpin for the accrual of the Koppels' cause of action.[3] Rather, it was the point at which a reasonable person could have discovered that a breach had occurred. See Lumsden v. Design Tech Builders, Inc., 749 A.2d 796, 804 (Md. 2000). As the district court held, this point was no later than March 6, 2003, the date the Koppels terminated their contract with Rose, and prior to which they had sustained ongoing damages related to the construction delays caused by Rose's failure to perform under the contract. Hence, the Koppels' action for breach of contract, having been filed more than three years after March 6, 2003, was untimely.

Accordingly, we affirm the district court's dismissal of the Koppels' action. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[3]We find to be without merit the Koppels' contention that Rose could have "vitiated" his nonperformance under the contract had he produced complete drawings on March 20, 2003, given that they would still have had a potentially viable cause of action against Rose for breach of contract based on the damages sustained by the Koppels because of Rose's failures to timely deliver the drawings to the builder and the need to revise several of the drawings that were delivered. Such cause of action would still have had to have been filed within the applicable three-year statute of limitations period, however.

materials before the court and argument would not aid the decisional process.

AFFIRMED